ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 FEB -2 PM 2:33

AUGUSTA DIVISION

| | |
|---|---|
| SHURNETHIA BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-163 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Shurnethia Burns ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED**, and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based on claims of disability dating back to May 29, 2000, Plaintiff filed for SSI and DIB on December 27, 2000. Tr. ("R."), pp. 84-86, 312-13. Her applications were denied initially and on reconsideration. R. 70-72, 76-78, 315-18, 320-22. Plaintiff then requested

a hearing before an Administrative Law Judge ("ALJ"), which was held on May 21, 2003. R. 39-67, 420-48. An unfavorable decision was issued on July 25, 2003, and a timely request for review was filed with the Appeals Council ("AC"). R. 14, 19-28. When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of review under 42 U.S.C. § 405(g). R. 8-11. Having failed to convince the AC to review her case, Plaintiff filed her first civil action in the United States District Court for the Southern District of Georgia. See Burns v. Barnhart, CV 104-086 (S.D. Ga. May 14, 2004). The Commissioner then filed a motion for reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and the Honorable Dudley H. Bowen, Jr., United States District Judge, granted the Commissioner's motion on December 2, 2004. Id., doc. nos. 9, 10.

Pursuant to Judge Bowen's Order, the AC issued an order remanding the case to an ALJ. R. 375-79. A second hearing was held on July 18, 2006.[1] At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as a Vocational Expert. R. 1063-90. On December 15, 2006, the ALJ issued a second unfavorable decision. R. 337-344B. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 29, 2000, the alleged onset date.

---

[1]After the initial unfavorable decision was rendered, Plaintiff filed a second set of applications for DIB and SSI payments on July 13, 2004, which were denied initially and on reconsideration, after which a request for a hearing was filed. R. 346, 1054-67. These subsequent applications were joined with Plaintiff's initial filings, and both sets of applications were considered at the hearing on July 18, 2006. R. 340.

2

2. The claimant has the following severe impairments: rheumatoid arthritis, migraine headaches, fibromyalgia, sarcoidosis, diabetes mellitus, and depression.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity to perform light work activity,[2] with occasional climbing, stooping, and crouching and being moderately restricted in the ability to understand, remember, and carry out detailed instructions. Thus, the claimant is capable of performing past relevant work as a cashier or social service aide.

R. 343-44B. Because the ALJ found that Plaintiff had the ability to perform past relevant work, the sequential evaluation process stopped, 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv), and the ALJ concluded that Plaintiff was not "under a 'disability,' as defined in the Social Security Act, from May 29, 2000[,] through the date of this decision." R. 344B.

---

[2]Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

3

When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review her case, Plaintiff filed the current civil action in this Court, requesting a reversal or remand of the second adverse decision rendered in December 2006. Specifically, Plaintiff contends that the ALJ (1) improperly evaluated her subjective complaints of pain, depression, and sedation, and (2) improperly rejected the opinion of her treating psychiatrist, Dr. Monique Lentz. (See generally doc. no. 13) (hereinafter "Pl.'s Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such

relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Plaintiff's Subjective Complaints of Pain and Other Symptoms

Plaintiff first argues that the ALJ erred by failing to properly evaluate her subjective complaints of pain, depression, and sedation. Plaintiff specifically takes issue with the ALJ's reliance on a "Function Report" completed by Plaintiff, which the ALJ used to discredit Plaintiff's complaints of pain and other symptoms. (Pl.'s Br., pp. 10-11). In her brief, Plaintiff argues that the ALJ cites specific portions of the report to discredit Plaintiff's

5

testimony but fails to discuss those portions of the report that qualify Plaintiff's activities and corroborate her testimony. (Id. at 11). On the other hand, Defendant argues that the ALJ properly assessed Plaintiff's credibility, as Plaintiff's complaints of disabling pain and mental limitations were inconsistent with the evidence of record. (Doc. no. 14, p. 6) (hereinafter "Comm'r's Br.").

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Despite the fact that the ALJ makes multiple references to Plaintiff's credibility throughout his opinion, the Court finds that the ALJ's decision to discredit Plaintiff's subjective complaints is not supported by substantial evidence. In his references to Plaintiff's credibility, the ALJ notes several statements from the April 2005 Function Report that contradict Plaintiff's complaints of pain and other symptoms. For example, in determining that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing, the ALJ notes that even though Plaintiff had certain restrictions resulting from her depression, Plaintiff reported in April 2005 that "she helped her son with his homework, played board games, went shopping[,] and was able to pay bills and count change." R. 344. The ALJ again references many of the same activities Plaintiff described in the Function Report to identify contradictions between those activities and Plaintiff's testimony at the administrative hearing about her leg and back pain, dizziness, drowsiness, depression, and forgetfulness. R. 344-44A. At the end of his opinion, the ALJ makes a specific credibility finding, again relying on information provided by Plaintiff in the April 2005 Function Report:

> I have also found [Plaintiff] to be credible only to the extent that she can perform [certain work activities]. While the claimant testified at the hearing

7

> that she had a number of health problems and limitations, I note that she reported in April 2005 that she made breakfast for her son, helped him with his homework, went shopping, was able to pay bills and could use a checkbook/money order.

R. 344B.

However, the Court notes that the ALJ makes no reference to the requirements of the Holt standard in his opinion, nor does he present the framework he used to assess Plaintiff's credibility. The ALJ also fails to reference the requirements of 20 C.F.R. §§ 404.1529 or 416.929, which mirror the Eleventh Circuit's test in Holt, much less evaluate Plaintiff's complaints under the applicable regulations. See Wiggins, 679 F.2d at 1389 ("Failure to apply the correct legal standards or to provide the reviewing court with [a] sufficient basis to determine that the correct legal principles have been followed is grounds for reversal.").

Moreover, while the activities the ALJ cites in his opinion as part of his credibility assessment are all contained in the Function Report and bolster his credibility finding, the ALJ ignores other information in the report that, as argued by Plaintiff, qualifies her activities and corroborates her testimony. For example, although the ALJ correctly states that Plaintiff reported making breakfast for her son, he failed to note the qualifier that this would only occur if Plaintiff was "feeling OK." R. 493. This report also notes that after waking her son up and getting him ready for school, Plaintiff would have to take a nap. Id. Plaintiff also states in the Function Report that her mother helps her prepare meals, supervises her son's baths, and makes sure he takes care of his personal hygiene. R. 494. According to Plaintiff, her mother also assists her in taking care of herself, including helping Plaintiff dress, washing and brushing her hair, and shaving her legs, because these activities are too painful for Plaintiff

8

to perform herself. Id. Plaintiff also states that she needs reminders to wash her hair, take her medication, and make doctor's appointments. R. 495. Plaintiff attributes the need for reminders to the medication she is taking, which she states has led to "a tendency to forget." Id. Plaintiff also states in the report that she cannot perform household chores and that when she goes out, she is accompanied by someone else and does not drive because she constantly gets dizzy and nauseous without warning. R. 496. Plaintiff also provides that she only shops when she has to leave her house for a doctor's appointment and that she uses a "mobile cart" when she does shop. Id. In sum, the ALJ fails to account for other statements made by Plaintiff that do not support his finding that Plaintiff could perform the requirements of "light work." For example, it is difficult to square the light work requirement of "a good deal of walking or standing," 20 C.F.R. §§ 404.1567(b) and 416.967(b), with Plaintiff's statements that she cannot drive because of dizziness and nausea and that she has to use a mobile cart to do her shopping.

Notwithstanding the Commissioner's attempt to provide support for the ALJ's credibility finding (see Comm'r's Br., pp. 9-10), this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Martin v. Heckler, 748 F.2d 1027, 1031 (11th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). The Court is mindful of the difficulties of evaluating a claimant's symptoms and determining whether they are as severe as the claimant has made them out to be. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide

9

claimants with sound, meaningful review of the administrative decision. The Court cannot second-guess what the ALJ may have been thinking or may have intended to consider.

While the Court is making no determination as to whether Plaintiff's complaints of pain and other symptoms are credible, the ALJ's decision does not adequately consider the entire record. See McCruter, 791 F.2d at 1548 (noting that a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence). Indeed, it appears that the ALJ has chosen the evidence that bolstered his conclusion to discredit Plaintiff's complaints of pain and other symptoms, while ignoring evidence that did not support this conclusion. Therefore, this case should be remanded. On remand, the ALJ's decision must follow the appropriate regulations and the Holt standard outlined above in evaluating Plaintiff's subjective complaints of pain and other symptoms.

## B. Opinion of Plaintiff's Treating Psychiatrist

While the Court has recommended that this case be remanded for proper consideration of Plaintiff's subjective complaints of pain and other symptoms, it must also address Plaintiff's other argument that the ALJ improperly rejected the opinion of Plaintiff's treating psychiatrist, Dr. Lentz. Dr. Lentz opined in July 2006 that Plaintiff "had no useful ability to deal with work stresses and was . . . seriously limited but not precluded in such areas as interacting with supervisors, functioning independently, maintaining attention and concentration, behaving in an emotionally stable manner, and understanding, remembering, and carrying out detailed but not complex job instructions." R. 344A, 873-74. The ALJ determined that this opinion was entitled to little weight, since it was contradicted by statements made by Plaintiff in the April 2005 Function Report. Specifically, the ALJ noted

10

that Plaintiff helped her son with his homework, went shopping, and was able to pay her bills. R. 344A.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

Here, the Court finds that the ALJ's decision to reject Dr. Lentz's opinion is not supported by the substantial evidence. First, the Court notes that while the ALJ rejected Dr. Lentz's opinion on Plaintiff's ability to function in the workplace, R. 344A, earlier in his opinion he relied on Dr. Lentz's records to find that Plaintiff had the severe impairment of depression, specifically noting that Dr. Lentz had diagnosed Plaintiff with a mood disorder. R. 344. However, nowhere in his opinion does the ALJ provide an explanation as to why he chose to rely on certain portions of Dr. Lentz's records, yet rejected Dr. Lentz's opinion

11

regarding such things as Plaintiff's ability to concentrate, deal with workplace stressors, and interact with others.

Furthermore, in rejecting Dr. Lentz's opinion, the ALJ emphasized certain activities that Plaintiff reported in the April 2005 Function Report that she had been able to perform, such as helping her son with his homework, paying bills, and shopping. While such statements do provide support for the ALJ's decision to reject Dr. Lentz's opinion, the ALJ appears to have disregarded other contrary evidence. For example, Dr. Ward noted in 2002 that Plaintiff was crying during her exam, R. 260, and Dr. Robert J. Lamberts, Plaintiff's family doctor, noted similar symptoms of tearfulness, discouragement, and frustration with her pain several months later. R. 955. In 2005, Dr. Lamberts again noted that Plaintiff had an "extremely negative outlook" and felt that she had chronic depression and anxiety, as well as a limited ability to concentrate due to her depression. R. 759. In June 2005, Dr. Lamberts noted that Plaintiff's negative affect had been "persistent" over the years that he had treated her. R. 973.[3] In addition, Dr. Lentz's own treatment records reflect Plaintiff's depressed mood and decreased social interaction, as well as the fact that Plaintiff had been prescribed Zoloft for her depression. R. 864-66, 868, 871. Dr. Lentz also gave Plaintiff a Global Assessment of Function ("GAF") score of 45, which is indicative of "serious symptoms,"

---

[3]The Court is aware that the ALJ referenced Dr. Lamberts' treatment notes regarding Plaintiff's history of depressive symptoms. R. 344. However, the ALJ did not do so to acknowledge that other evidence in the record supported rejecting Dr. Lentz's opinion, nor could he have, since Dr. Lamberts' treatment notes are consistent with Dr. Lentz's opinion. Rather, after mentioning Dr. Lamberts' report of Plaintiff's problems with depression, the ALJ went on to reject Dr. Lamberts' opinion about Plaintiff's abilities for the same reasons he rejected Dr. Lentz's opinion. Id.

including "serious impairment in social, occupational, or school functioning." R. 870. Notably, Plaintiff's GAF score remained the same through her last visit with Dr. Lentz in June 2006. R. 864A.[4]

In sum, as was the case with the ALJ's assessment of Plaintiff's credibility, the ALJ appears to have chosen certain statements about Plaintiff's daily activities that support his decision to reject Dr. Lentz's opinion, while ignoring other evidence that does not support his decision. See McCruter, 791 F.2d at 1548 (noting that a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence). Thus, the Court finds that the ALJ's decision to discount Dr. Lentz's opinion is not supported by substantial evidence. Accordingly, this case should also be remanded for proper consideration of Dr. Lentz's opinion.

---

[4]The Court is also aware that the ALJ noted that Dr. John C. Whitley, III, who performed a consultative psychological exam in June 2001, gave Plaintiff a much higher GAF score of 65. R. 343. However, the ALJ did not reference Dr. Whitley's assessment as reason for rejecting Dr. Lentz's opinion. Rather, the ALJ cites the GAF score as part of his determination that Plaintiff had certain severe impairments and relies only on statements made in the April 2005 Function Report to reject Dr. Lentz's opinion. R. 344A ("However, the claimant reported on April 18, 2005 that she helped her son with his homework, that she went shopping, and that she was able to pay bills . . . . Thus, I give little weight to the opinion[] of . . . Dr. Lentz."). The Court also notes that, as acknowledged by the Commissioner, the GAF scale judges an individual's level of functioning only at the time of evaluation. (Comm'r's Br., p. 18, n. 5 (citing Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders, 30 (4th ed. 1994))). Dr. Whitley's assessment of Plaintiff's GAF was rendered in 2001, and thus it has little, if any, bearing on Dr. Lentz's more recent assessment in June 2006, one month before the second administrative hearing.

13

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED**, and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 2nd day of February, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE